## Muth, et al. v. Goins, et al.

(Decided May 22, 1923.)

### Appeal from Meade Circuit Court.

1. Wills—Parol Evidence to Explain Latent Ambiguity is Admissible Only in Cases of Necessity.—The rule that parol evidence is admissible to solve a latent ambiguity arising in the application of the terms of the will to the property devised or to the objects of the testator's bounty applies only where the words of the will are such as to render it a matter of necessity to have recourse to extrinsic evidence to explain them.

2. Wills—Parol Evidence Inadmissible to Show Testator Used "Children" as Referring to Those of Second Wife.—In a suit to construe a will which devised the property to testator's present wife and children, parol evidence that testator was not on friendly terms with the children by his first wife and made small gifts to them only to prevent a contest by them is inadmissible to show that by the use of the term "children" he intended to include only the children by his second wife.

3. Wills—Devise of Farm Held Not Limited to Children by Second Wife.—Where testator gave each of the children by his second wife $100.00 and each of those by his first wife $50.00, and provided that after his youngest child became of age his farm should be sold and the proceeds divided equally amongst his present wife and children, the children by his first wife were entitled to share with the other children in the distribution of the proceeds of the sale of the property.

4. Appeal and Error—Modifications of Judgment Suggested by Appellees Not Considered in Absence of Cross-Appeal.—In a suit for the construction of a will, modifications of the judgment suggested by appellees cannot be considered in the absence of a cross-appeal by them.

L. FRANK WITHERS for appellants.

SELLIGMAN & SELLIGMAN and WALTER S. LAPP for appellees.

Opinion of the Court by Judge Clay—Affirming.

George E. Muth, who died in the year 1918, left the following will which was probated in the Meade county court:

"I, George E. Muth, of Muldraugh, Ky., being of sound and disposing mind and memory, do make this my last will and testament, hereby revoking all former wills ever made.

"First. I desire my wife, Rosa Muth, to become ex-executrix of my will and to carry out its provisions to the best of her ability, also wish, that she may not be required to give bond or security.

"Second. Should I at the time of my death possess $1,000.00, or more, then I wish that $100.00 be given to each of the children of my present wife, and $50.00 to each of the children of my late wife. After my bequests and just debts are paid. I leave the balance of my money to my wife, Rosa Muth.

"Third. I wish that my wife and children, viz.: Kriss, Emil, Augusta, Martha and Julius, shall continue to live on the farm until May 3, 1928, when Martha shall become of age, after which date the farm may be sold and the proceeds divided equally amongst my present wife and children.

"With love towards my family and friends, I remain sincerely and sign my name to this my last will, Dec. 31st, 1916."

The testator was married twice. By his first wife he had four children, three of whom are now living. By the second wife, who survives him, he had five children, all of whom are living. His estate consisted of personal property worth about $2,000.00, and a farm containing 132 acres. Shortly after the death of the testator the farm, with the exception of five acres, was condemned by the United States government for use for encampment purposes. The purchase price, amounting to $6,892.67, was paid in the Registry of the United States Court for the Western District of Kentucky for distribution among those entitled thereto under the foregoing will.

This suit was brought by the widow and children of the second marriage against the children of the first marriage for a construction of the will. The chancellor was of the opinion that the testator intended that his widow and her children should occupy the farm until her youngest child became of age, at which time the farm should be

sold and the proceeds equally divided among all of his children and his widow, the latter taking a child's part. Inasmuch, however, as the widow and her children were entitled to occupy the farm until her youngest child became of age, he adjudged that, until that time, they were entitled to all the profits arising from the fund of $6,892,67, and that this fund should be placed in the hands of a responsible trustee to preserve until that time, when it should be distributed as above indicated. From that judgment this appeal is prosecuted.

Certain witnesses deposed that the testator was not on friendly terms with his children by his first wife, and that he stated to them that he intended to give, or had given, all of his property to his children by his second wife, and did not intend for his children by his first wife to have any of his property. There is also evidence to the effect that he was advised to leave each of his children by his first wife the sum of $50.00 in order to avoid a contest, and that he acted on this advice in making the will which he himself wrote.

It is insisted that the word "children," occurring in the clause, "And the proceeds divided equally among my present wife and children," is ambiguous, and for that reason the foregoing evidence was admissible for the purpose of showing what children were intended. It may be conceded that parol evidence is admissible to solve a latent ambiguity arising in the application of the terms of the will to the property devised, or the objects of the testator's bounty. Breckinridge v. Duncan, 2 A. K. Mar. 50, 12 Am. Dec. 359; Thomas, etc. v. Scott, etc., 24 Ky. L. Rep. 2031. Such an ambiguity arises where the will names a person as the object of a gift, or a thing as the subject of the gift, and there are two persons or things that answer such name or description, Patch v. White, 117 U. S. 210, 29 L. Ed. 860; Gilmer v. Stone, 120 U. S. 586, 30 L. Ed. 734, but this rule is subject to the exception that the words of the will must be such as to render it a matter of necessity to have recourse to extrinsic evidence to explain them, and if no such necessity exists the evidence is not admissible. Dunnan v. Averill, 45 Conn. 61, 29 Am. Rep. 642. There might be some room for the application of the rule in this case if there were any uncertainty as to who were the testator's children, but we know of no case where parol evidence was admitted for the purpose of showing that the word "children" included only certain children, and not all of the children of

the testator, as the effect would be to change the will itself, and not merely to explain a latent ambiguity. If such were the rule, the intention of the testator, as orally declared to others, and not as expressed in the will, would be controlling, thus dispensing with the statutory requirement that all wills should be in writing. We, therefore, conclude that the offered evidence was not admissible.

Taking up the will itself, we find that the testator first bequeathed $100.00 to each of the children of his present wife and $50.00 to each of the children of his late wife, and the balance of his money to his present wife. He then provided that his wife and her children, naming them, should continue to live on the farm until May 3, 1928, when Martha, the youngest child, should become of age, with the further provision that the farm might then be sold "and the proceeds divided equally amongst my present wife and children." Thus it will be seen that in speaking of his children in the previous parts of the will, he either named them or referred to them as the children of his present wife, or the children of his late wife. Therefore, if he had intended that only the children of his second wife should have the proceeds of the farm, the natural thing to have done would have been to pursue the same plan with respect to the distribution of the proceeds, and use the word "her" before the word "children" or other words of similar import. This he did not do, but left the word "children" unqualified by any word showing that it was used in a restricted sense. It follows that the chancellor properly adjudged that all the testator's children should share in the distribution of the proceeds of the farm.

Appellees suggest certain modifications of the judgment, but there being no cross appeal, this feature of the case cannot be considered.

Judgment affirmed.